UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22896-CIV-UNGARO/SIMONTON

LEINNETTE THOMAS,

    Plaintiff,

v.

MIAMI DADE PUBLIC HEALTH TRUST,

    Defendant.
_____/

## ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE

Presently pending before the Court is Plaintiff's Motion to Compel Interrogatory Responses (DE # 29). This motion is referred to the undersigned Magistrate Judge (DE # 31). Based on a review of the record and for the reasons stated herein, Plaintiff's motion to compel is DENIED WITHOUT PREJUDICE.

According to Plaintiff, on January 7, 2009, she served Defendant with interrogatories and requests for production. Responses to these discovery requests were due on February 9, 2009. On February 9, 2009, Plaintiff filed the instant motion to compel, citing Defendant's complete failure to respond to the interrogatories.

The Local Rules provide that, at the time of filing any motion in a civil case,

> counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so.

S.D. Fla. L.R. 7.1.A.3. The certificate of counsel that accompanies the instant motion states that Plaintiff's counsel

>certifies that a good faith attempt to confer or a conference had been had with the person or party failing to make the Discovery in an attempt to secure the information or material without Court action and has been unsuccessful

(DE # 29 at 1).  It is not possible to determine, based on this boilerplate certificate of counsel, whether the parties conferred or whether they were unable to do so.  If no conference has occurred, then the motions do not comply with the Local Rules because they do not set forth, "with specificity," Plaintiff's reasonable efforts to confer with Defendant.

The undersigned further notes that, although the motion to compel was prematurely filed on February 9, 2009, the same day that Defendant's discovery responses were due, the deadline to respond to Plaintiff's discovery requests have now expired.  Therefore, Defendant is required to respond to Plaintiff's interrogatories on or before February 18, 2009.  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 29) is **DENIED WITHOUT PREJUDICE** with leave to renew if Defendant fails to comply with this Order by failing to respond to Plaintiff's interrogatories within the time provided.  In any renewed motion, Plaintiff shall file a certificate of counsel that specifies whether (a) the parties conferred in a good faith attempt to resolve the matters in dispute; or (b) the parties did not confer, but reasonable efforts were made to do so.  If no pre-filing

conference occurs, Plaintiff shall describe the reasonable efforts made to confer with opposing counsel.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 12, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Ursula Ungaro,
     United States District Judge
All counsel of record